[Cite as *Perrysburg v. Kelley*, 2018-Ohio-4357.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Perrysburg        Court of Appeals No. WD-18-039

      Appellee        Trial Court No. CRB 1601553

v.

Gregory A. Kelley        **DECISION AND JUDGMENT**

      Appellant        Decided: October 26, 2018

* * * * *

Chynna L. Fifer, City of Perrysburg Prosecutor, for appellee.

Brian D. Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a May 31, 2018 judgment of the

Perrysburg Municipal Court, Wood County, Ohio, finding appellant guilty of his third,

successive violation of probation related to a civil protection order ("cpo").

**{¶ 2}** Specifically, appellant repeatedly violated the proximity mandate of the protection order, barring him from coming closer than 100 feet to his ex-wife at any time, in any location. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 3}** Appellant, Gregory A. Kelley, sets forth the following two assignments of error:

> I. The decision of the trial court finding Appellant guilty of violating a condition of probation is against the manifest weight of the evidence.

> II. The trial court erred by not considering the explicit language of the no contact order issued on April 13, 2017 or alternatively construing the ambiguity in appellant's favor.

**{¶ 4}** The following undisputed facts are relevant to this appeal. On January 24, 2017, appellant pled no contest to a violation of a cpo applicable to appellant's ex-wife, in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree. Appellant was sentenced to a term of incarceration of 180 days, with 177 of the days suspended, placed on probation, and again ordered to have no contact with the victim.

**{¶ 5}** Approximately one month later, on March 9, 2017, the Perrysburg Police Department forwarded a report to appellant's probation officer reflecting that appellant again violated the cpo in an incident occurring in downtown Perrysburg.

2.

{¶ 6} On April 13, 2017, appellant admitted to another violation of probation given another breach of the cpo. The trial court imposed 10 days of the 177 days previously suspended against appellant.

{¶ 7} Approximately one month later, on April 14, 2017, the trial court modified the no contact order to permit appellant to attend athletic activities and school events of the children with the specific restriction that appellant must stay at least 100 feet away from the victim regardless of the location, regardless of whether the encounter was accidental, and regardless of any alleged permission from the victim.

{¶ 8} Several weeks later, on May 3, 2017, the Perrysburg Police Department forwarded a report to appellant's probation officer reflecting that appellant violated the modified cpo and unlawfully sat immediately adjacent to the victim at a school concert.

{¶ 9} On June 19, 2017, appellant admitted to the latest violation. The trial court imposed 60 days of the remaining 167 days of previously suspended incarceration. Appellant was released early, after approximately one-half of the time imposed was served.

{¶ 10} On April 20, 2018, appellant went within several feet of the victim at the Tam O'Shanter sporting complex in Sylvania, where one of their children was participating in a sporting event. This latest violation, the subject of the instant appeal, was observed by multiple eyewitnesses. This event constituted appellant's fourth violation of the cpo, and appellant's third probation violation arising from the cpo violations.

3.

{¶ 11} On May 31, 2018, the trial court conducted an evidentiary hearing on the latest incident. The trial court determined that appellant had again violated the cpo, thereby violating the terms of probation, and sentenced appellant to a 100-day period of electronic monitoring. This appeal ensued.

{¶ 12} In the first assignment of error, appellant maintains that the May 31, 2018 trial court judgment finding that appellant had violated probation was against the manifest weight of the evidence. We do not concur.

{¶ 13} It is well-established that when reviewing manifest weight of the evidence claims upon appeal, this court sits as a "thirteenth" juror. We must review the record, weigh and consider all evidence and inferences therefrom, consider witness credibility, and determine whether in resolving evidentiary conflicts the trier of fact clearly lost its way and created a manifest miscarriage of justice such that a new trial is warranted. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 14} On May 31, 2018, the trial court heard testimony from the victim that appellant was present approximately 20 feet away from her in violation of the cpo at Tam O'Shanter on April 20, 2018. The victim further testified that she gave appellant ample opportunity to depart from that location and resume compliance with the no contact order. Appellant failed to do so.

{¶ 15} On the contrary, appellant moved substantially closer to the victim and then stood approximately three feet from the victim for the remaining hour of the sporting

4.

event in violation of the mandate that appellant not be present within 100 feet of the victim at any place, at any time, under any circumstances.

{¶ 16} The trial court heard collaborative testimony from another mother present at the same sporting event who directly witnessed appellant remaining physically "close" to the victim for approximately one and one-half hours.

{¶ 17} Appellant gave testimony to the trial court that he did not realize that he had positioned himself in unlawful proximity to the victim until after the game was over. The veracity of the testimony was belied by appellant being a few feet away from the victim for a lengthy duration of time during which others in the same vicinity experienced no difficulty in observing the extremely close proximity of both parties to one another and the presence of both parties.

{¶ 18} The record reflects that when directly questioned by the trial court at the May 31, 2018 hearing, regarding whether appellant observed where the victim was physically located when appellant arrived at the facility, appellant evasively, unconvincingly replied, "sort of."

{¶ 19} We find that the record reflects convincing evidence in support of the disputed May 31, 2018 trial court determination that appellant violated the trial court's no contact order with the victim at Tam O'Shanter on April 20, 2018. We find appellant's first assignment of error not well-taken.

{¶ 20} In the second assignment of error, appellant maintains that the trial court erroneously failed to find the no contact order language ambiguous, or failed to construe the alleged ambiguity in appellant's favor. We do not concur.

{¶ 21} The no contact order establishes in pertinent part that appellant shall, "[S]tay away from [victim] and not be present within one hundred (100 feet) of [victim] wherever [she] may be found, or any place that [appellant] knows or should know that [she] is likely to be, even with [her] permission."

{¶ 22} We find the above-described language establishing the terms of the no contact order between the parties to be clear. We likewise find the violations to be clear. We find the assertions of ambiguity to be without merit. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 23} On consideration whereof, the judgment of the Perrysburg Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.            _____

Thomas J. Osowik, J.       JUDGE

James D. Jensen, J.         _____
CONCUR.                                JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.